# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

FESTUS O. OHAN,

        Plaintiff,

v.

AXOS BANK, et al.,

        Defendants.

Case No. 3:23-cv-00161-SLG

## ORDER OF DISMISSAL

On March 2, 2023, self-represented litigant Festus O. Ohan ("Plaintiff") filed a civil complaint ("Complaint") and paid the filing fee.[1] Plaintiff names Axos Bank, the State of California, the New York Medical Board, the County of Los Angeles, and the Pennsylvania State Board of Medicine as Defendants and alleges "serious civil rights violation and false claims."[2] While the Court must liberally construe filings by self-represented litigants, it need not allow plaintiffs to defy the fundamental basics of pleading. To the extent the Court can decipher the Complaint, it is immediately apparent that the Complaint is fundamentally flawed.

Although non-prisoner complaints are not subject to 28 U.S.C. § 1915(e) or 1915A screening requirements when the filing fee is paid, the Court retains the inherent authority to dismiss a claim for failure to comply with Federal Rule of Civil

---

[1] Docket 1.

[2] Docket 1 at 1-2.

Procedure 8 ("Rule 8")[3] or for lack of jurisdiction.[4] To avoid dismissal, a plaintiff must make a legal sufficient showing of jurisdictional facts.[5] For the reasons explained below, Plaintiff's Complaint is dismissed and all pending motions are denied as moot.

## DISCUSSION

### I. Failure to State a Claim Upon Which Relief Can Be Granted

To state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[6] "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "[7] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.[8] A complaint seeking relief from a federal court must be clear. It must be legibly handwritten or typewritten and have margins of at least one inch around all text.[9] A complaint should set out each claim for relief separately and include specifics about how each named defendant is involved in causing an injury to the

---

[3] Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint with prejudice for failure to comply with Rule 8(a).

[4] *See United States v. Hays*, 515 U.S. 737, 742 (1995) ("federal courts are under an independent obligation to examine their own jurisdiction.").

[5] *Lake v. Lake,* 817 F.2d 1416, 1420 (9th Cir.1987).

[6] Fed. R. Civ. P. 8(a)(2).

[7] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

[8] *Ashcroft*, 556 U.S. at 678.

[9] *See* Alaska L. Civ. R. 7.5.

Case No. 3:23-cv-00161-SLG, *Ohan v. Axos Bank, et al.*
Order of Dismissal
Page 2 of 6
Case 3:23-cv-00161-SLG   Document 4   Filed 10/06/23   Page 2 of 6

plaintiff. [10] There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed injury.[11] The Court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[12]

The Complaint here is neither short nor plain and does not set forth facts that could state a viable claim for relief. Plaintiff's narrative contains unintelligible claims regarding garnishments, the Nigerian mafia, emergencies in Southern California, police brutality, licensing examinations, and garnished wages. He includes allegations against individuals not named as defendants, events not reasonably related to or involving the named Defendants and repeats meritless and duplicative claims raised in previous cases.[13]

Plaintiff's claims are unsupported by any cognizable legal theory, and the Court is unable to establish a basis for jurisdiction. Further, even if the Court could discern a claim, many of the events described[14] appear to be facially time-barred

---

[10] *Rizzo v. Goode,* 423 U.S. 362, 371 (1976).

[11] *Rizzo,* 423 U.S. at 371; *May v. Enomoto,* 633 F.2d 164, 167 (9th Cir. 1980).

[12] *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

[13] *See, e.g. Ohan v. Fontura,* Case No. 3:22-cv-00207-RRB (naming the former IRS Commissioner, the California tax board); *Ohan v. ABN AMRO et al,* Case No. 3:22-cv-00212-RRB (naming a mortgage group and Los Angeles County public officials as defendants in connection with foreclosure of his house); *Ohan v. Rettig, et al.,* Case No. 3:23-cv-00046-SLG (naming IRS and California Tax Board employees). *See also Ohan v. N.A.T.O.,* Case No. 3:22-cv-00226-RRB, Docket 16 at 3 (summarizing previous cases).

[14] *See* Docket 1 at 3 (Claim 1: describing events that allegedly occurred from 1976-2023); Docket 1 at 4 (Claim 2: describing events that allegedly occurred in 1976 to present); and Docket 1 at 5 (Claim 3: describing events that allegedly occurred from 1977 to present).

Case No. 3:23-cv-00161-SLG, *Ohan v. Axos Bank, et al.*
Order of Dismissal
Page 3 of 6
Case 3:23-cv-00161-SLG   Document 4   Filed 10/06/23   Page 3 of 6

by the statute of limitations.[15] If a claim is not filed within the applicable statute of limitations, dismissal is proper even if the plaintiff is self-represented.[16]

Further, a court may on its own initiative dismiss a case on preclusion grounds where the records of that court show that a previous action covering the same subject matter and parties has been dismissed. Dismissal with prejudice prevents subsequent refiling is because it is considered an "adjudication on the merits."[17] Once a plaintiff's claim is adjudicated, a person is precluded from bring the same claim again against those parties or those in privity with those parties.[18] Further, a case may be dismissed as frivolous if it "merely repeats pending or previously litigated claims."[19]

## II. Amendment is Futile

If a court dismisses a complaint, then as a general rule, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines

---

[15] *See* STATUTE OF LIMITATIONS, Black's Law Dictionary (11th ed. 2019) ("[a] law that bars claims after a specified period; specif., a statute establishing a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered.)")

[16] *See Holmes v. Forman,* 2023 WL 319918, at *3 (C.D. Cal. Jan. 19, 2023) (finding claims time-barred since "none of these later events have shed any new light on the conduct of Defendants that Plaintiff alleges violated his rights. In other words, as of more than 20 years ago, Plaintiff knew or should have known everything he knows now about the alleged conduct that is the basis of his action.").

[17] Fed. R. Civ. P. 41(b).

[18] *See Headwaters Inc. v. U.S. Forest Serv.,* 399 F.3d 1047, 1051 (9th Cir. 2005) (a final judgment on the merits bars further claims by parties or their privies based on the same cause of action). See also *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002) (preclusion applies when "the earlier suit ... (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.").

[19] *Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citation and quotation omitted).

Case No. 3:23-cv-00161-SLG, *Ohan v. Axos Bank, et al.*
Order of Dismissal
Page 4 of 6
Case 3:23-cv-00161-SLG   Document 4   Filed 10/06/23   Page 4 of 6

that the pleading could not possibly be cured by the allegation of other facts."[20] In making this determination, a court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment."[21] A district court may on its own initiative dismiss a complaint prior to responsive pleadings if the complaint is frivolous.[22]

Plaintiff's claims are unsupported by any cognizable legal theory, are likely time-barred, and are fundamentally similar to claims brought in previous cases by Mr. Ohan that have been dismissed for failure to state a claim.[23] Therefore, the Complaint must be dismissed. Because Plaintiff continues to demonstrate an inability to follow the applicable federal and local rules and the directions of this Court and fails to present viable claims for the Court's adjudication, the Court finds amendment would be futile.[24]

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED** for failure to state a viable claim for relief and

---

[20] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

[21] *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

[22] *Kidd v. Dep't of Corr.,* 993 F.2d 883 (9th Cir.1993).

[23] *Cato v. United States,* 70 F.3d 1103, 1105 n. 2 (9th Cir.1995) (citations omitted).

[24] A review of the docket for the District of Alaska indicates that Mr. Ohan has filed a total of ten civil actions in 2022 and 2023 in addition to this case. *See Ohan v. Rettig*, 3:22-cv-00011-SLG; *Ohan v. Zion*, et al, 3:22-cv-00266-RRB; *Ohan v. Schmidt*, 3:22-cv-00182-JMK; *Ohan v. Rettig, et al,* 3:23-cv-00046-SLG; *Ohan v. American Medical Association, et al*, 3:23-cv-00047-SLG; *Ohan v. Fontoura*, 3:22-cv-00207-RRB; *Ohan v. ABN AMRO, et al,* 3:22-cv-00212-RBB; *Ohan v. U.S. Department of Justice, et al,* 3:22-cv-00221-RRB; *Ohan v. North Atlantic Treaty Organization, et al,* 3:22-cv-00226-RRB; *Ohan v. Duruhesie, et al.,* Case No. 3:23-cv-00176-SLG.

Case No. 3:23-cv-00161-SLG, *Ohan v. Axos Bank, et al.*
Order of Dismissal
Page 5 of 6
Case 3:23-cv-00161-SLG   Document 4   Filed 10/06/23   Page 5 of 6

allowing an opportunity to file an amended complaint would be futile;

2. All pending motions are **DENIED AS MOOT;** and

3. The Clerk of Court shall issue a final judgment.

DATED this 6th day of October 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00161-SLG, *Ohan v. Axos Bank, et al.*
Order of Dismissal
Page 6 of 6
Case 3:23-cv-00161-SLG   Document 4   Filed 10/06/23   Page 6 of 6